**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRICKMAN INVESTMENTS INC., on behalf of itself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR,<br><br>      Defendants. | No. 1:07-cv-03455-RJH<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DIKLA MONDIAL MUTUAL FUND FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL |
| GERALD BILGER individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR,<br><br>      Defendants. | No. 1:07-cv-03815-RJH |
| ELIYAHU MOKHTAR, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR,<br><br>      Defendants. | No. 1:07-cv-05456-RJH |

*[Captions Continue on Following Page]*

| | |
|---|---|
| SHANNON VINSON, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>   v.<br><br>ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR,<br><br>     Defendants. | No. 1:07-cv-05457-RJH |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

I   FACTUAL BACKGROUND .......................................................................................... 1

II  PROCEDURAL HISTORY ............................................................................................. 2

III ARGUMENT .................................................................................................................... 3

    A.    The Related Actions Should be Consolidated ........................................................ 3

        1.    The Court Should Resolve The Consolidation Issue
            As a Prerequisite to The Determination of Lead Plaintiff ......................... 3

    B.    Movant Should Be Appointed Lead Plaintiff ......................................................... 4

        1.    Movant Is Making A Motion In Response To
            A Notice ....................................................................................................... 5

        2.    Movant Has The Largest Financial Interest In This Action ....................... 5

        3.    Movant Satisfies The Requirements
            Of Rule 23 Of The Federal Rules Of Civil Procedure ............................... 6

            a.    Movant's Claims Are Typical ......................................................... 6

            b.    Movant Is An Adequate Representative ......................................... 7

        4.    Movant Is Presumptively
            The Most Adequate Lead Plaintiff .............................................................. 8

    C.    The Court Should Approve Lead Plaintiff's Choice Of Counsel ........................... 8

IV  CONCLUSION ................................................................................................................ 9

## TABLE OF AUTHORITIES

### CASES

*Berger v. Compaq Computer Corp.*,
    257 F.3d 475 (5th Cir. 2001)..................................................................................6

*Ferrari v. Impath, Inc.*,
    2004 WL 1637053 (S.D.N.Y. July 20, 2004) ................................................... 6

*In re Cavanaugh*,
    306 F.3d 726, 733 (9th Cir. 2002)..........................................................................8

*In re Enron Corp. Securities Litigation*,
    206 F.R.D. 427 (S.D. Tex. 2002)......................................................................5, 6

*In re Equity Funding Corp. of Am. Sec. Litig.*,
    416 F. Supp. 161 (C.D. Cal. 1976) .......................................................................3

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................. 6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ....................................................................... 4, 6

*Investors Research Co. v. United States District Court*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) .................................................................. 3

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) ............................................................................... 3

*Sofran v. LaBranche & Co., Inc.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) .......................................................................... 5

*Takeda v. Turbodyne Tech, Inc.*,
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) .................................................................. 7

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y 2001) ..................................................................... 3, 4

### STATUTES AND MISCELLANEOUS

The Private Securities Litigation Reform Act........................................................ *passim*

15 U.S.C. §§ 77z-1 ................................................................................................. *passim*

Fed. R. Civ. P 23(a) ..........................................................................................................6

Proposed Lead Plaintiff Dikla Mondial Mutual Fund ("Movant" hereinafter) respectfully submits this memorandum of points and authorities in support of its motion for appointment as Lead Plaintiff and for approval of Lead Plaintiff's selection of Co-Lead Counsel and Liaison Counsel.

## I.   FACTUAL BACKGROUND[1]

This is a securities class action on behalf of purchasers of the common stock of Allot Communications, Ltd. ("Allot" or the "Company"), who purchased or otherwise acquired Allot's common stock pursuant and/or traceable to the Company's November 15, 2006, initial public offering (the "IPO" or the "Offering") through April 2, 2007, seeking to pursue remedies under the Securities Act of 1933. Named as defendants are Allot and certain of its executive officers and directors.

Allot is a designer, developer, marketer and seller of broadband service optimization solutions. Its solutions provide broadband service providers and enterprises with real-time visibility into, and control of, network traffic. The Company is a corporation organized under the laws of Israel and is headquartered at 22 Hanagar Street, Neve Ne'eman Industrial Zone B, Hod-Hasharon, 45240 Israel.

On November 15, 2006, the Company conducted its IPO and was able to raise $78 million by selling 6.5 million shares of stock to the investing public at $12.00 per share. Plaintiffs allege that the defendants' representations in the Registration Statement and Prospectus filed in connection with the sale of Allot common stock in the IPO were materially false or

---

[1] Summary of facts taken in part from the above-captioned Class Action Complaint, *Gerald Bilger v. Allot Communications Ltd., et al.*, No. 1:07-cv-03815-RJH (filed May 15, 2007).

misleading because they failed to disclose or indicate that: (1) the Company was experiencing declining sales; and (2) the sales declines were occurring in its indirect distribution channels.

At the time these facts and their effects on the Company's operating results and future business prospects were fully disclosed, the price of the Company's common stock declined, causing the members of the Class to suffer damages.

On April 2, 2007, the Company disclosed that its revenues and earnings for first-quarter and fiscal year 2007 would be substantially lower than previous revenue guidance disseminated to investors less than seven weeks earlier. The release of this news shocked the market, causing shares of the Company's stock to decline $2.04 per share, or 22.3 percent, to close on April 2, 2007 at $7.11 per share, on unusually heavy trading volume. The stock's April 2, 2007, closing price represented a cumulative loss of $6.70 per share – a loss of more than 48.5 percent of the value of the Company's shares since the Company's IPO just a few months earlier.

## II.    PROCEDURAL HISTORY

Plaintiff Brickman Investments Inc. commenced the first related action on May 1, 2007. On that day, counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire,* a widely circulated national business-oriented wire service. *See* Declaration of Dale MacDiarmid In Support of Motion of Dikla Mondial Mutual Fund For Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Co-Lead Counsel (the "MacDiarmid Declaration") at Exhibit A. Subsequent to the *Brickman Investments* action, three related actions (the "Related Actions") have been filed in this District, and each of the Related Actions is reflected above in the caption of this document.

Movants bring the instant motion pursuant to the *Brickman Investments* complaint and notice of pendency, and file this motion prior to expiration of the 60-day period from publication of the May 1, 2007 notice.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Weltz v. Lee,* 199 F.R.D. 129, 131 (S.D.N.Y. 2001). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *Investors Research Co. v. United States District Court*, 877 F.2d 777 (9th Cir. 1989).

Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See Johnson,* 899 F.2d at 1285. Consolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976).

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

#### 1.   The Court Should Resolve The Consolidation Issue As a Prerequisite to The Determination of Lead Plaintiff

Once the Court decides the consolidation motion, it must decide the lead plaintiff issue

"[a]s soon as practicable." Section 27(a)(3)(B)(ii), 15 U.S.C. § 77z-1(a)(3)(B)(ii). A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of fact and law presented by the related actions now pending in this District. As Movant has an interest in moving these actions forward, Movant respectfully urges the Court to resolve the consolidation motion as soon as practicable. *See Weltz,* 199 F.R.D. at 131 ("the Court shall not appoint a lead plaintiff until after the decision on the motion to consolidate is rendered").

### B.     Movant Should Be Appointed Lead Plaintiff

Section 27(a)(3)(B) of the PSLRA provides the procedure for selecting Lead Plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons that:

(aa)  has either filed the complaint or made a motion in response to a notice. . . ;

(bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 44 (S.D.N.Y. 1998).

As set forth below, Dikla Mondial Mutual Fund satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate Lead Plaintiff for the Class.

**1.     Movant Is Making A Motion In Response To A Notice**

On May 1, 2007, counsel for plaintiff Brickman Investments, Inc. published a notice of the pendency of plaintiff's case pursuant to §27(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against defendants herein, and advising purchasers of Allot securities that they had until July 2, 2007, to file a motion to be appointed as Lead Plaintiff. Movant files the instant motion pursuant to plaintiff Brickman Investments' complaint and published notice, and submits herewith its sworn certification attesting that it is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* MacDiarmid Declaration, Exhibit B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

**2.     Movant Has The Largest Financial Interest In This Action**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §77z-1(a)(3)(B)(iii); *see Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401-02 (S.D.N.Y. 2004). Moreover, courts have recognized that "one goal of the PSLRA is to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being "lawyer-driven." *In re Enron Corp. Sec. Litig.,* 206 F.R.D. 427, 438 (S.D. Tex. 2002).

Here, Movant purchased 10,000 shares of Allot during the Class Period and has suffered losses of $40,992.20. *See* MacDiarmid Declaration, Exhibit C. To the best of its knowledge, Movant believes that it has the largest known financial interest in this case of any lead plaintiff movant, and thus satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### 3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Courts limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *Enron,* 206 F.R.D. at 441; *In re Oxford,* 182 F.R.D. at 49 ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."); *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

#### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Enron,* 206 F.R.D. at 441; *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001). Rule 23 does not require the Lead Plaintiff to be identically situated with all class members. *Ferrari v. Impath, Inc.*, 2004 WL

1637053, at *5 (S.D.N.Y. July 20, 2004). It is enough that the Lead Plaintiff's situation shares a common issue of law or fact. *See Berger*, 257 F.3d at 480. Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and prospects of Allot. Movant, like all of the members of the Class, purchased Allot securities at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. The interests of Movant are closely aligned with other Class members' and they are, therefore, typical of the other members of the Class.

### b.     Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly:

> [R]epresentation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it unlikely that the action is collusive.

*Takeda v. Turbodyne Tech., Inc.,* 67 F. Supp. 2d at 1129, 1133 (C.D. Cal. 1999). The class representative must also have "sufficient interest in the outcome to ensure vigorous advocacy." *In re Olsten Corp.*, 3 F. Supp. 2d at 296; *Takeda,* 67 F. Supp. 2d at 1137. Movant has demonstrated its adequacy as Lead Plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that it is " 'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger,* 257 F.3d at 479.

Movant herein has communicated with counsel concerning this case and has made this motion to be appointed Lead Plaintiff. Movant also has sustained significant losses from its

investment in Allot securities and is, therefore, extremely motivated to pursue the claims in this action. *See* MacDiarmid Declaration, Exhibit C.

### 4. Movant Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(b)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Movant has suffered losses from its purchase of Allot securities and believes that it has the largest known financial interest in this case of any lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against it that would render Dikla Mondial Mutual Fund inadequate to represent the Class. Accordingly, Dikla Mondial Mutual Fund is presumptively the most-adequate Lead Plaintiff, and should be appointed Lead Plaintiff for the Class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. *See* §27(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726,

8

733 (9th Cir. 2002). In the present case, Movant has retained Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo to pursue this litigation on its behalf, and will retain these firms as Plaintiff's Co-Lead Counsel, in the event Movant is appointed Lead Plaintiff. Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumés attached to the MacDiarmid Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant its motion and enter an Order (a) consolidating related actions, (b) appointing Dikla Mondial Mutual Fund as Lead Plaintiff, and (c) approving its choice of Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo as Co-Lead Counsel for the Class, and Murray, Frank & Sailer LLP as Liaison Counsel for the Class, and granting such other relief as the Court may deem just and proper.

Dated: July 2, 2007                                **MURRAY, FRANK & SAILER LLP**

By:_____S/_____
Brian P. Murray (BM 9954)
275 Madison Avenue, Suite 801
New York, New York 10016
Telephone:    (212) 682-1818
Facsimile:    (212) 682-1892

*Proposed Liaison Counsel*

9

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone:     (310) 201-9150
Facsimile:      (310) 201-9160

**THE LAW OFFICE OF JACOB SABO**
Jacob Sabo
The Tower No.3 Daniel Frisch St. 15th Floor
Tel Aviv, Israel 64731
Telephone:     011 972 3 607 88 88
Facsimile:      011 972 3 607 88 89

*Attorneys for Movant and*
*Proposed Co-Lead Counsel*