**KAHN GAUTHIER SWICK, LLC**
Michael A. Swick (MS-9970)
Kim E. Miller (KM-6996)
12 East 41st Street, 12th Floor
New York, NY  10017
Telephone:  (212) 696-3730
Fax:  (504) 455-1498

**KAHN GAUTHIER SWICK, LLC**
Lewis S. Kahn
650 Poydras Street, Suite 2150
New Orleans, LA  70130
Telephone:  (504) 455-1400
Fax:  (504) 455-1498

*Counsel for the Chen Group and*
*Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRICKMAN INVESTMENTS, INC., Individually And On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLOT COMMUNICATIONS, LTD., YIGAL JACOBY, RAMI HADAR AND ADI SAPIR,<br><br>        Defendants. | DOCKET NUMBER: 07-cv-3455<br><br>HON. RICHARD J. HOLWELL |

(Caption continued on the following page)

**MEMORANDUM IN SUPPPORT OF THE MOTION OF THE CHEN GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

| | | |
|---|---|---|
| GERALD BILGER, Individually And On Behalf of All Others Similarly Situated, | ) ) ) ) | DOCKET NUMBER: 07-cv-3815 |
| Plaintiff, | ) ) ) | HON. RICHARD J. HOLWELL |
| vs. | ) ) ) | |
| ALLOT COMMUNICATIONS, LTD., YIGAL JACOBY, RAMI HADAR AND ADI SAPIR, | ) ) ) ) | |
| Defendants. | ) ) | |
| ELIYAHU MOKHTAR, Individually And On Behalf of All Others Similarly Situated, | ) ) ) ) | DOCKET NUMBER: 07-cv-5456 |
| Plaintiff, | ) ) ) | HON. RICHARD J. HOLWELL |
| vs. | ) ) ) | |
| ALLOT COMMUNICATIONS, LTD., YIGAL JACOBY, RAMI HADAR AND ADI SAPIR, | ) ) ) ) | |
| Defendants. | ) ) | |
| SHANNON VINSON, Individually And On Behalf of All Others Similarly Situated, | ) ) ) ) | DOCKET NUMBER: 07-cv-5457 |
| Plaintiff, | ) ) ) | HON. RICHARD J. HOLWELL |
| vs. | ) ) ) | |
| ALLOT COMMUNICATIONS, LTD., YIGAL JACOBY, RAMI HADAR AND ADI SAPIR, | ) ) ) ) | |
| Defendants. | ) ) | |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………………………1

PROCEDURAL BACKGROUND……………………………………………………………..2

STATEMENT OF FACTS……………………………………………………………………..3

ARGUMENT…………………………………………………………………………………...5

    I.     THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS……………5

    II.    THE CHEN GROUP SHOULD BE APPOINTED LEAD PLAINTIFF……………..6

        A.     The Procedural Requirements Pursuant to the PSLRA…………………………...6

        B.     The Chen Group is "The Most Adequate Plaintiff"…………............................7

            1.     The Chen Group Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff……………………………………………………..7

            2.     The Chen Group Has the Largest Financial Interest………………………8

            3.     The Chen Group Satisfies the Requirements of Rule 23…………………..8

                i.    The Chen Group's Claims are Typical of the Claims of all the Class Members………………………...……………………………....9

                ii.   The Chen Group Will Adequately Represent the Class……………...10

    III.   THE COURT SHOULD APPROVE THE CHEN GROUP'S CHOICE OF LEAD COUNSEL ………………………………………………………………………..11

CONCLUSION………………………………………………………………………………..11

**PRELIMINARY STATEMENT**

The Chen Group (or "Movant") hereby moves to consolidate various related securities class actions filed against Allot Communications, Ltd.[1] ("Allot" or the "Company") and other defendants, to be appointed Lead Plaintiff in this action pursuant to §27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and for approval of its selection of the law firm of Kahn Gauthier Swick, LLC, as Lead Counsel for the Class in this case.

The Chen Group fully understands its duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action.  As described in the Certifications attached to the Declaration of Kim E. Miller in Support of the Motion of The Chen Group to Consolidate All Related Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A, the Chen Group has suffered losses of $42,789.64 as a result of its members' purchases of shares of Allot common stock pursuant or traceable to the Company's November 15, 2006 Initial Public Offering (the "IPO" or the "Offering") through April 2, 2007, inclusive (the "Class Period").  To the best of its knowledge, the Chen Group has sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, the Chen Group's Certifications demonstrate its members' intent to serve as Lead Plaintiff in this

---

[1] The related securities class actions include the following cases:  *Brickman Investments, Inc. v. Allot Communications, Ltd., et al*, 07-cv-3455 (filed May 1, 2007); *Gerald Bilger v. Allot Communications, Ltd., et al,* 07-cv-3815 (filed May 15, 2007); *Eliyahu Mokhtar v. Allot Communications, Ltd., et al*, 07-cv-5456 (filed June 8, 2007); *Shannon Vinson v. Allot Communications, Ltd., et a*l, 07-cv-5457 (filed June 8, 2007).

litigation, including their cognizance of the duties of serving in that role.[2]  Moreover, the Chen Group satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, the Chen Group respectfully submits this memorandum of law in support of its motion, pursuant to §27(a)(3)(B) of the Securities Act, as amended by the PSLRA, for an order: (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Chen Group as Lead Plaintiff in this action pursuant to Section 27(a)(3)(B) of the Securities Act; and (3) approving Movant's selection of the law firm of Kahn Gauthier Swick, LLC as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Brickman Investments, Inc. v. Allot Communications, Ltd., et al.*, No. 07-cv-3455, was filed on behalf of plaintiff Brickman Investments in the Southern District of New York on May 1, 2007.  Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), on May 1, 2007, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than July 2, 2007.  *See* Miller Decl. at Exhibit B.

Members of the Chen Group are Class Members (*see* Miller Decl. at Exhibit A) who have timely filed this motion within the 60 day period following publication of the May 1, 2007 notice.

---

[2] The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii).  A copy of the Chen Group's Certifications of their transactions in Allot securities during the Class Period is attached as Exhibit A to the Miller Declaration that has been filed in support of this motion.

## STATEMENT OF FACTS[3]

Defendant Allot describes itself as a "leading provider of intelligent IP service optimization solutions. Designed for carriers, service providers and enterprises, Allot solutions apply deep packet inspection ("DPI") technology to transform broadband pipes into smart networks." The Company's products consist of NetEnforcer traffic management systems and NetXplorer application management suite. Its products are used by service providers to offer subscriber-based and application-based tiered services that enable them to optimize their service offerings. In other words, the Company's products allow service providers and enterprises to "improve service quality by optimizing available bandwidth usage for different applications and prioritizing network traffic."

The Company markets and sells its products through channel partners, which include distributors, resellers, OEM's, and system integrators, principally to carriers, cable operators, wireless and wireline Internet Service Providers, educational institutions, governments, and enterprises primarily in the United States, Europe, Japan, Singapore, the Middle East, Africa and the rest of Asia.

On October 31, 2006, Allot filed with the SEC a Form F-1 Registration Statement for the IPO. The Registration Statement stated that "the Company anticipate[s] that the initial public offering price will be between $9.00 and $11.00 per ordinary share."

On November 15, 2006, the Prospectus, with respect to the IPO, which forms part of the Registration Statement, became effective and 6.5 million shares of Allot common stock were sold to the public at $12 per share, thereby raising more than $78 million.

---

[3] These facts were derived from the allegations contained in the class action styled as *Brickman Investments, Inc. v. Allot Communications, Ltd., et al*, 07-cv-3455 (filed May 1, 2007).

The Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation.

In addition, the statements in the Prospectus were inaccurate statements of material fact because they failed to disclose that at the time of the IPO, Allot was experiencing declining sales in its indirect distribution channels, such as enterprise, education and smaller ISP customers, in North America. The Prospectus purported to warn that the marketing and selling of Allot's products was subject to performance of third party channel partners, such as distributors, resellers, OEM's and system integrators. However, these warnings were inadequate and not meaningful because at the time of the IPO, Allot was then experiencing declining sales in its indirect distribution channels, such as enterprise, education and smaller ISP customers, in North America.

On February 13, 2007, Allot issued a press release announcing its fourth quarter and year end results for 2006, the period ended December 31, 2006. For the quarter, the Company reported total revenues of $9.6 million and GAAP net income of $53,000, or $0.00 per diluted share.

Despite stating in its Prospectus that "revenues are lowest in the first quarter, and our fourth quarter has tended to exhibit stronger results than other quarters, which we believe may result from the budgeting processes of many of our customers which are based on a calendar fiscal year," the Company then issued positive guidance for the first quarter and year end 2007.

Then, on April 2, 2007, Allot issued a press release announcing that revenues and earnings for the first quarter of 2007 and the 2007 fiscal year would be lower than its previous guidance—given less than two months ago. In response to the announcement about the

4

Company's revised guidance, on April 2, 2007, the price of Allot stock declined precipitously falling from $9.15 per share to $7.11 per share—approximately 40% below the IPO price—on heavy trading volume.

## ARGUMENT

### I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (Fed. R. Civ. P. 42(a))[4] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 77z-1(a)(3)(B)(ii) of the Securities Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered.

The related actions are perfectly suited for consolidation. The class actions contain very similar allegations charging the Company and key executives with making false and misleading statements, and omitting material information concerning the Company's financial health during the relevant period. The Complaints allege the same class periods and the same defendants. The class actions involve common legal issues and assert claims under Sections 11 and 15 of the Securities Act.[5] "While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and

---

[4] Fed. R. Civ. P. 42(a): Consolidation. When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

[5] This assessment is based upon a review of all of the related complaints currently available on PACER.

reports." *Glauser v. EVCI Career Colleges Holding Corp.*, No. 05-cv-10240, 2006 WL 1302265, at *3 (S.D.N.Y. May 9, 2006). Accordingly, this Court should consolidate the related actions.

## II. THE CHEN GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire* on May 1, 2007. *See* Miller Decl. Exhibit B.[6] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than July 2, 2007. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C. § 77z-1(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the acts provide that:

---

[6] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997).

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa) has either filed the complaint or made a motion in response to a notice…
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

### B.    The Chen Group is "The Most Adequate Plaintiff"

#### 1.    The Chen Group Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff

The Chen Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on May 1, 2007. Accordingly, the Chen Group meets the requirement of 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) and has filed its motion by July 2, 2007.

Moreover, the Chen Group has sustained a substantial loss from its investment in Allot stock and has shown its willingness to represent the class by signing Certifications detailing its members' Allot transaction information during the Class Period. *See* Miller Decl. Exhibit A. As demonstrated by their Certifications, the Chen Group is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, the Chen Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent

7

the Class. The firm biography of proposed Lead Counsel, Kahn Gauthier Swick, LLC, is attached as Exhibit C to the Miller Declaration.

### 2. The Chen Group Has the Largest Financial Interest

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401; *see also, Lee v. Axonyx, Inc., et al.*, No. 7:05-cv-2307, slip. Op., at pg. 8 (S.D.N.Y. Jan. 27, 2006) (Griesa, J.) (appointing movant with the largest financial interest). As demonstrated herein, Movant (with losses of $42,789.64) has the largest known financial interest in the relief sought by the Class. *See* Miller Decl. Exhibit A.

### 3. The Chen Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that

8

typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *See also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff. The Chen Group has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

      **i.**      **The Chen Group's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because the Chen Group's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. The Chen Group and all of the Class Members purchased Allot securities pursuant or traceable to the

9

Company's November 15, 2006 IPO and through April 2, 2007, when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both the Chen Group and the Class Members suffered damages as a result of these purchases. Simply put, the Chen Group, like all other Class Members: (1) purchased Allot stock during the Class Period; (2) purchased Allot stock at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. The Chen Group's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. The Chen Group is not subject to any unique or special defenses. Thus, the Chen Group meets the typicality requirement of Fed. R. Civ. P. Rule 23, because their claims are the same as the claims of the other Class Members.

### ii.     The Chen Group Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 77z-1(a)(3)(B).

The Chen Group's interests are clearly aligned with the members of the Class because its claims are identical to the claims of the Class. There is no evidence of antagonism between its interests and those of the proposed Class Members. Furthermore, the Chen Group has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss they incurred as a result of the wrongful conduct alleged herein.

This motivation, combined with the Chen Group's identical interest with the members of the Class, clearly shows that the Chen Group will adequately and vigorously pursue the interests of the Class. In addition, the Chen Group has selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent them.

In sum, because of the Chen Group's common interests with the Class Members, its clear motivation and ability to vigorously pursue this action, and its competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore, since the Chen Group not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, it is, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

### III. THE COURT SHOULD APPROVE THE CHEN GROUP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

The Chen Group has selected Kahn Gauthier Swick, LLC, to serve as proposed Lead Counsel for the Class. This firm has not only prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions. *See* Miller Decl. Exhibit C. Furthermore, the Chen Group's counsel has continually invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

## **CONCLUSION**

For all of the foregoing reasons, the Chen Group respectfully requests that this Court: (1) consolidate all related actions, (2) appoint the Chen Group to serve as Lead Plaintiff in this consolidated action; (3) approve the Chen Group's selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: July 2, 2007                                          Respectfully submitted,

KAHN GAUTHIER SWICK, LLC

   /s/  Kim E. Miller
Michael A. Swick  (MS-9970)
Kim E. Miller (KM-6996)
12 East 41st Street, 12th Floor
New York, NY 10017
Telephone:   (212) 696-3730
Facsimile:    (504) 455-1498

And

KAHN GAUTHIER SWICK, LLC
Lewis S. Kahn
650 Poydras St., Suite 2150
New Orleans, Louisiana 70130
Telephone (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for the Chen Group and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

      I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on July 2, 2007.

                                              /s/ Kim E. Miller
                                              Kim E. Miller