UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRICKMAN INVESTMENTS INC., On Behalf of Itself and All Others Similarly Situated, | : : : | Civil Action No. 1:07-cv-03455-RJH |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| vs. | : | |
| ALLOT COMMUNICATIONS LTD., et al., | : | |
| Defendants. | : | |
| GERALD BILGER, Individually and On Behalf of All Others Similarly Situated, | : : | Civil Action No. 1:07-cv-03815-RJH |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| vs. | : | |
| ALLOT COMMUNICATIONS LTD., et al., | : | |
| Defendants. | : | |

[Caption continued on following page.]

MEMORANDUM IN SUPPORT OF THE MOTION OF BRICKMAN INVESTMENTS INC.
AND JOHN SPITZ FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND
FOR APPROVAL OF SELECTION OF LEAD COUNSEL

| | |
|---|---|
| ELIYAHU MOKHTAR, Individually and On Behalf of All Others Similarly Situated, : : : Plaintiff, : : vs. : : ALLOT COMMUNICATIONS LTD., et al., : : Defendants. : | Civil Action No. 1:07-cv-05456-RJH <br><br> <u>CLASS ACTION</u> |
| SHANNON VINSON, Individually and On Behalf of All Others Similarly Situated, : : : Plaintiff, : : vs. : : ALLOT COMMUNICATIONS LTD., et al., : : Defendants. : | Civil Action No. 1:07-CV-05457-RJH <br><br> <u>CLASS ACTION</u> |

**I.     PRELIMINARY STATEMENT**

Presently pending before this Court are four-related securities class action lawsuits (the "Actions") brought on behalf of all purchasers of Allot Communications Ltd. ("Allot" or the "Company") securities between November 15, 2006 and April 2, 2007, inclusive (the "Class Period"). The Actions alleges violations of §§11 and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k and 77o), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Class members Brickman Investments Inc. and John Spitz hereby move this Court for an Order to: (i) consolidate the Actions; (ii) appoint Brickman Investments Inc. and John Spitz as Lead Plaintiffs in the Actions under §27 of the Securities Act; and (iii) approve Brickman Investments Inc. and John Spitz's selection of the law firms of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") and Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway") to serve as Lead Counsel.

This motion is made on the grounds that Brickman Investments Inc. and John Spitz are the most adequate plaintiffs, as defined by the PSLRA. Brickman Investments Inc. and John Spitz collectively suffered losses of $11,548.00 in connection with their purchases of Allot securities during the Class Period. *See* Alba Decl. Ex. B.[1] To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as lead plaintiff in these Actions. In addition, Brickman Investments Inc. and John Spitz, for the purposes of this motion, adequately satisfy the requirements of Rule 23 of the

---

[1]     References to the "Alba Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba, Jr. dated July 2, 2007 and submitted herewith.

Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.

## II. FACTUAL BACKGROUND[2]

Allot is a designer, developer, marketer, and seller of broadband service optimization solutions. The Company's solutions provide broadband service providers and enterprises with real-time visibility into, and control of, network traffic.

The complaint charges Allot and certain of its officers, directors and underwriters with violations of the Securities Act of 1933. The Complaint alleges that the Registration Statement and Prospectus issued in connection with the IPO were negligently prepared and, as a result, contained untrue statements of material facts; omitted to state other facts necessary to make the statements made therein not misleading; and were not prepared in accordance with the rules and regulations governing their preparation. Specifically, the Complaint alleges, among other things, that the Registration Statement and Prospectus included representations that the Company would achieve its goal in becoming the leader in its industry through its ability to market and sell its products to end-customers through its channel partners. In fact, according to the Complaint, the Registration Statement and Prospectus failed to disclose that Allot was experiencing declining sales in its indirect distribution channels, such as enterprise, education and smaller ISP customers, in North America.

On April 2, 2007, Allot issued a press release announcing that revenues and earnings for the first quarter of 2007 and the 2007 fiscal year would be lower than its previous guidance – given less than two months ago. The Company attributed the lower guidance to "weakness in sales from some

---

[2] These facts are drawn from the allegations in the actions entitled *Brickman Investments Inc. v. Allot Communications Ltd., et al.*, Civil Action No. 1:07-cv-03455-RJH (the "*Brickman Investments* Action").

of the Company's distributors, principally in the Americas, which are focused on sales to enterprise, education, and smaller ISPs." In response to the announcement about the Company's revised guidance, on April 2, 2007, the price of Allot stock declined precipitously falling from $9.15 per share to $7.11 per share – approximately 40% below the IPO price – on heavy trading volume.

### III.   ARGUMENT

#### A.   The Actions Should Be Consolidated for All Purposes

The Actions each assert class claims on behalf of the purchasers of Allot securities for alleged violations of the Securities Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Allot securities during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Allot securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

#### B.   Brickman Investments Inc. and John Spitz Should Be Appointed Lead Plaintiffs

##### 1.   The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1 and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as

Lead Plaintiff. 15 U.S.C. §77z-1(a)(3)(A)(i). Plaintiff in the *Brickman Investments* Action caused the first notice regarding the pendency of this Action to be published on *Business Wire*, a national, business-oriented newswire service, on May 1, 2007. *See* Alba Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§77z-1(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Brickman Investments Inc. and John Spitz Satisfy the "Lead Plaintiff" Requirements of the Securities Act

#### a. Brickman Investments Inc. and John Spitz Have Complied with the Securities Act and Should Be Appointed Lead Plaintiffs

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §77z-1(a)(3)(A) and (B) expires on July 2, 2007. Pursuant to the provisions of the

- 4 -

PSLRA and within the requisite time frame after publication of the required notice on May 1, 2007, Brickman Investments Inc. and John Spitz timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

Brickman Investments Inc. and John Spitz have duly signed and filed certifications stating that they are willing to serve as the representative parties on behalf of the class. *See* Alba Decl., Ex. C. In addition, Brickman Investments Inc. and John Spitz have selected and retained competent counsel to represent themselves and the class. *See* Alba Decl., Exs. D-E. Accordingly, Brickman Investments Inc. and John Spitz have satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and selection of Lead Counsel as set forth herein, considered and approved by the Court.

        **b.**      **Brickman Investments Inc. and John Spitz Have the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Alba Decl., Ex. C, Brickman Investments Inc. and John Spitz incurred a substantial $11,548.00 loss on their Class Period transactions in Allot shares. *See* Alba Decl., Ex. B. Brickman Investments Inc. and John Spitz thus have a significant financial interest in this case. Therefore, Brickman Investments Inc. and John Spitz satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiffs in these Actions and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(3)(B).

        **c.**      **Brickman Investments Inc. and John Spitz Otherwise Satisfy Rule 23**

According to 15 U.S.C. §77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party

- 5 -

may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). Brickman Investments Inc. and John Spitz satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members'") (citations omitted). The

requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Brickman Investments Inc. and John Spitz satisfy this requirement because, just like all other class members, they: (1) purchased Allot securities during the Class Period; (2) purchased Allot securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Brickman Investments Inc. and John Spitz's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Brickman Investments Inc. and John Spitz to represent the class to the existence of any conflicts between the interest of Brickman Investments Inc. and John Spitz and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Brickman Investments Inc. and John Spitz are adequate representatives of the class. As evidenced by the injuries suffered by Brickman Investments Inc. and John Spitz, who purchased Allot securities at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Brickman Investments Inc. and John Spitz are clearly aligned with the members of the class, and there is no evidence of any antagonism between Brickman Investments

Inc. and John Spitz's interests and those of the other members of the class. Further, Brickman Investments Inc. and John Spitz have taken significant steps which demonstrate they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Brickman Investments Inc. and John Spitz's proposed Lead counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Brickman Investments Inc. and John Spitz *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Brickman Investments Inc. and John Spitz's Choice of Counsel

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Brickman Investments Inc. and John Spitz have selected the law firms of Lerach Coughlin and Schiffrin Barroway as Lead Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. *See* Alba Decl., Exs. D-E. Accordingly, the Court should approve Brickman Investments Inc. and John Spitz's selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons, Brickman Investments Inc. and John Spitz respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Brickman Investments Inc. and John Spitz as Lead Plaintiffs in the Actions; (iii) approve their selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED: July 2, 2007                     LERACH COUGHLIN STOIA GELLER
                                                               RUDMAN & ROBBINS LLP
                                                               SAMUEL H. RUDMAN (SR-7957)
                                                               DAVID A. ROSENFELD (DR-7564)
                                                               MARIO ALBA, JR. (MA-7240)

                                                               /s/ *Mario Alba, Jr.*
                                                               MARIO ALBA, JR.

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

SCHIFFRIN BARROWAY TOPAZ
   & KESSLER, LLP
STUART L. BERMAN
SEAN M. HANDER
IAN D. BERG
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

[Proposed] Co-Lead Counsel for Plaintiffs

ABRAHAM FRUCHTER & TWERSKY LLP
JACK G. FRUCHTER
One Penn Plaza
Suite 2805
New York, NY 10119
Telephone: 212/279-5050
212/279-3655 (fax)

Additional Counsel

- 9 -

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on July 2, 2007, I caused a true and correct copy of the attached:

> Notice Of Motion For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;
>
> Memorandum In Support Of The Motion Of Brickman Investments Inc. And John Spitz For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;
>
> Declaration of Mario Alba, Jr. In Support Of The Motion Of Brickman Investments Inc. And John Spitz For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

                                                      /s/ *Mario Alba, Jr.*
                                                      Mario Alba, Jr.

ALLOT COMMUNICATIONS

Service List - 7/2/2007   (07-0093)

Page 1 of 1

**Counsel For Defendant(s)**

Vincent R. Fitzpatrick, Jr.
Douglas P. Baumstein
White & Case LLP
1155 Avenue of the Americas
New York, NY  10036-2787
  212/819-8200
  212/354-8113 (Fax)

Gideon A. Schor
Wilson Sonsini Goodrich & Rosati, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY  10019
  212/999-5800
  212/999-5899 (Fax)

**Counsel For Plaintiff(s)**

Jack G. Fruchter
Abraham, Fruchter & Twersky
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
  212/279-5050
  212/279-3655 (Fax)

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
  516/741-4977
  516/741-0626 (Fax)

Nadeem Faruqi
Shane T. Rowley
Antonio Vozzolo
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY  10017-6531
  212/983-9330
  212/983-9331 (Fax)

Corey D. Holzer
Michael I. Fistel, Jr.
Holzer Holzer & Fistel, LLC
1117 Perimeter Center West, Suite E-107
Atlanta, GA  30338
  770/392-0090
  770/392-0029 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)

Richard A. Maniskas
D. Seamus Kaskela
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
  610/667-7706
  610/667-7056 (Fax)