## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRICKMAN INVESTMENTS INC., on behalf of itself and all others similarly situated,<br><br>                       Plaintiff,<br><br>   v.<br><br>ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR,<br><br>                     Defendants. | No. 1:07-cv-03455-RJH<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |
| GERALD BILGER, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>   v.<br><br>ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR,<br><br>                     Defendants. | No. 1:07-cv-03815-RJH |
| ELIYAHU MOKHTAR, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>   v.<br><br>ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR,<br><br>                     Defendants. | No. 1:07-cv-05456-RJH |

SHANNON VINSON, individually and on behalf of all others similarly situated,

                  Plaintiff,

      v.

ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR,

                Defendants.

No. 1:07-cv-05457-RJH

## TABLE OF CONTENTS

INTRODUCTION.................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

I.      PSLRA Lead Plaintiff Requirements............................................................ 2

II.     The Competing Movants' Members Should Be Considered Individually.................. 3

A.      Aggregation of Unrelated Entities Is Disfavored ......................................... 4

B.      Dikla Mondial Has The Largest Individual Financial Interest ....................... 6

C.      The Chen Group and Brickman Have Not Established A *Prima Facie* Case That
        They Can Adequately Represent The Class .................................................. 7

D.      The Chen Group Is A Prime Example Of Lawyer-Driven Litigation ............. 9

III.    Dikla Mondial Is An Institutional Investor, The Type Of Investor Preferred By
        Congress To Serve As Lead Plaintiff ......................................................... 10

IV.     Dikla Mondial's Selection Of Counsel Should Be Approved..................... 11

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

## Cases

*Barnet v. Elan Corp.*, 236 F.R.D. 158 (S.D.N.Y. 2005)................................................. 3, 5, 6, 9, 10

*Bassin v. DeCode Genetics*, 230 F.R.D. 313 (S.D.N.Y. 2005).......................................... 3

*Brickman Investments Inc. v. Allot Communications, et al.,* No. 07-3455 ................................. 3, 4

*Goldberger v. PXRE Group, Ltd.*, No. 06-CV-3410 (KMK), 2007 WL 980417
 (S.D.N.Y. March 30, 2007)............................................................................... 3, 4

*In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 224 (D.D.C. 1999).......................................... 6

*In re BankAmerica Corp. Sec. Litig.*, 350 F.3d 747 (8th Cir. 2003)..................................... 2

*In re Cavanugh*, 306 F. 3d 726 (9th Cir. 2002) .......................................................... 11

*In re Crawford v. Onyx Software Corp.*, Civ. No. C01-1346L, 2002 WL 356760
 (W.D. Wash. Jan. 10, 2002)............................................................................. 4, 6

*In re Doral Financial Corp., Sec. Litig.*, 414 F. Supp. 2d 398 (S.D.N.Y. 2006) ........................ 5

*In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156 (S.D.N.Y. 1997) ..................................... 8

*In re E.Spire Communications, Inc., Sec. Litig.*, 231 F. R.D. 207 (D. Md. 2000)......................... 6

*In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005) .................................... 4, 5

*In re General Motors Corp., Sec. Litig.*, No 65-CV-8088 (RMB) .......................................... 6

*In re MicroStrategy Inc. Sec. Litig.,* 110 F. Supp. 2d 427 (E.D. Va. 2000) ............................. 8

*In re Network Associates Inc,. Sec. Lit.*, 76 F. Supp. 2d 1017 (N.D. Cal. 1999)..................... 8, 10

*In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334 (S.D.N.Y. Oct. 21, 2005) ................................ 5

*Malasky v. IAC/Interactivecorp,* 04 Civ.7447 (RJH), 2004 WL 2980085
 (S.D.N.Y Dec. 12, 2004)................................................................................ 10

*Martin v. Atchinson Casting Corp.*, 200 F. R. D 453 (D. Kan 2001) ..................................... 10

*Sakhrani v. Brightpoint, Inc.*, 78 F. Supp. 2d 845, 853 (S.D. Ind. 1999) ............................. 3,10

**Statutes**

15 U.S.C. § 77z-1(a)(3)(B) ................................................................................. 3

15 U.S.C. § 77z-1(a)(3)(B)(iii) ............................................................................ 3

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ........................................................................ 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bbb) ............................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................ 11

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) ....................................................................... 9

Securities Act of 1933, § 27(a)(3)(B(i)(bb) ........................................................ 1

**Rules**

Fed. R. Civ. P. 23 ................................................................................................ 1

## INTRODUCTION

Lead plaintiff Movant Dikla Mondial Mutual Fund (hereinafter, "Dikla Mondial") respectfully submits this memorandum of law in opposition to all competing motions seeking appointment of lead plaintiff. Because Dikla Mondial has the largest financial interest in this litigation and has demonstrated its adequacy to serve as lead plaintiff under Fed. R. Civ. P. 23, Dikla Mondial is the most adequate plaintiff and should be appointed lead plaintiff and have its selection of Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo approved as co-lead counsel.

Currently pending before this Court are three competing motions for lead plaintiff appointment filed by the following movants: (i) Dikla Mondial Mutual Fund, an institutional investor with a total loss of $40,992.20 from its class period purchase of Allot stock; (ii) the Chen Group, comprising three apparently unrelated individuals, Shichao Chen, with a loss of $23,072.44, Cynthia Hober with a loss of $11,387.70, and Robert Jonkheer, with a loss of $8,329.50; and (iii) Brickman Investments, Inc., an institutional investor paired with an apparently unrelated individual, John Spitz, with combined losses of $11,548.00.

Dikla Mondial, having suffered the greatest loss consistent with the purpose of the PSLRA – $40,992.20 – "has the largest financial interest in the relief sought by the class." *See* Securities Act § 27(a)(3)(B)(i)(bb). By comparison, the largest individual member of the Chen Group, Shichao Chen, claims a loss of only $23,072.44, with even smaller claimed losses for the group's other two unrelated members: Cynthia Hober and Robert Jonkheer.

As established in its opening memorandum in support of its motion, Dikla Mondial otherwise satisfies the requirements of Rule 23 and will adequately protect the interests of the class. See Dikla Mondial Opening Memorandum ("Op. Mem."), at 6-8.

Competing movants Brickman and the Chen Group have failed to make a *prima facie*

demonstration of their adequacy under the PSLRA. Both Brickman and the Chen Group are artifices cobbled together by their attorneys in an effort to maximize counsel's representation of the largest financial interest – a financial interest which none of their members possesses individually. These attorney-driven artifices have no meaningful relationship among their members and both have failed to indicate that their members can cohesively, efficiently, and effectively work together. *See In re BankAmerica Corp. Sec. Litig.*, 350 F.3d 747, 751 (8th Cir. 2003) (discussing the problem of "what weight a district court must give to objections from a fraction of a fractured lead plaintiff group").

In stark contrast with the competing movants, institutional investor Dikla Mondial is not a random cobbling together of movants simply to aggregate losses. The Chen Group consists of three unrelated individuals cobbled together solely to aggregate their losses; the other movant, Brickman, pairs an institutional investor and unrelated individual for the same purpose. Neither of these groupings claims that their members have any prior business relationship, any pre-litigation history, or any reason to be joined together as a group.

Because Dikla Mondial has the largest individual financial interest in the litigation consistent with the purpose of the PSLRA, and is the only movant which otherwise satisfies the requirements of Rule 23 and is capable of adequately protecting the interests of the class, its motion should be granted and the competing motions denied. Appointing Dikla Mondial as lead plaintiff comports with this District's judicial precedent, and will ensure effective control over the litigation and its efficient prosecution.

## **ARGUMENT**

### I.    **PSLRA Lead Plaintiff Requirements**

The PSLRA requires a court to consider any motion made by a class member and appoint as lead plaintiff that class member the court determines to be most capable of adequately

representing the interests of class members.  15 U.S.C. § 77z-1(a)(3)(B).  The PSLRA sets forth

the rebuttable presumption that the "most adequate plaintiff" is the person or group of persons

that:

> (aa)  has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii); *see generally Bassin v. DeCode Genetics*, 230 F.R.D. 313

(S.D.N.Y. 2005) (Holwell, J.).

Pursuant to the PSLRA, the Court must first determine which of the competing movants

has the "largest financial interest" in the litigation. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

## II.    The Competing Movants' Members Should Be Considered Individually

Because Dikla Mondial has the largest financial interest of any individual movant, while

the Chen Group claims a larger financial interest, through aggregation, "[t]he remaining

question, then, is whether the [Chen] Group is an acceptable amalgamation of individual

investors, or whether, instead, the PSLRA requires that its members be treated individually."

*Goldberger v. PXRE Group, Ltd.*, No. 06-CV-3410 (KMK), 2007 WL 980417, at *3 (S.D.N.Y.

March 30, 2007).   This Court has been reluctant to recognize such artificial groupings. *See*

*Barnet v. Elan Corp.*, 236 F.R.D. 158, 163 (S.D.N.Y. 2005), (appointing group of related

institutions over an aggregation of unrelated institutional and individual investors).  Many other

courts agree that mechanically aggregating "unaffiliated persons or entities whose only

connection is in the litigation … is not an appropriate interpretation of the term 'group' in the

PSLRA." *Sakhrani v. Brightpoint, Inc.*, 78 F. Supp. 2d 845, 853 (S.D. Ind. 1999).  Thus, the

Chen Group, a grouping of utterly unrelated institutions and individuals cobbled together by its

attorneys for the sole purpose of making a lead plaintiff motion is not a proper group under the PSLRA, and the Court should not recognize the aggregation of its unrelated members' individual losses.

Both the Chen Group and Brickman's moving papers fail to provide any justification for their aggregations, and "one cannot but suspect that [a] Group -- comprised, as it is, of disparate and apparently unrelated plaintiffs -- is itself the result of the type of lawyer-driven action that the PSLRA eschews." *Goldberger,* 2007 WL 980417, at *5; *see also In re eSpeed, Inc. Sec. Litig.,* 232 F.R.D. 95, 100 (S.D.N.Y. 2005) (explaining that unrelated investor would be excluded from a group comprising only family members, if added solely to increase the group's aggregate loss above competing movants).

Similarly, the Brickman group's filings in this case indicate that Brickman Investments Inc.'s relationship with its co-movant, John Spitz, was only very recently formed. Brickman Investments' complaint, *Brickman Investments Inc., v. Allot Communications, et al.*, No. 07-3455, was filed May 1, 2007, only two months prior to filing its lead plaintiff motion, but without the participation of John Spitz, the Brickman group's largest member.

## A.    Aggregation of Unrelated Entities Is Disfavored

The PSLRA's underlying philosophy is that a party's own financial interest reflects the intensity of interest of that party in representing the best interest of the class. It is axiomatic that an entity's financial interest is not made greater simply through joinder with other parties. *See In re Crawford v. Onyx Software Corp.*, Civ. No. C01-1346L, 2002 WL 356760, at *2 (W.D. Wash. Jan. 10, 2002) (rejecting the aggregate losses of a group comprising three unrelated individuals, finding that such a "loose group" has "no real cohesiveness" and, therefore, consideration of the aggregate losses of a group is "not convincing in light of the purposes of the PSLRA.").

Aggregation of unrelated parties to displace a single movant has been repeatedly rejected by courts in this District, beginning with this Court. In *Barnet v. Elan Corp.*, 236 F.R.D. 158 (S.D.N.Y. 2005), the Court analyzed competing lead plaintiff motions filed by two groups of unrelated individuals and entities, and another motion made on behalf of a single investor. Although appointing one of the groups as lead plaintiff – based on indivudual members' losses, rather than the group's -- the court observed that "where a group of unrelated investors has been cobbled together as a 'group' to displace a single competing institutional investor, or a smaller, closely-related group of investors … the Court would be reluctant to recognize the group under the statute." *Id.* at 163.

Likewise, other courts in this District have rejected aggregation of losses by unrelated lead plaintiff applicants. In *In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334 (S.D.N.Y. 2005), Judge Owen rejected such aggregation simply and directly:

> Several of the putative plaintiffs are aggregated into artificial "groups." Nothing before the Court indicates that this aggregation is anything other than an attempt to create the highest possible "financial interest" figure under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb), and I reject it. I will consider each potential lead plaintiff individually, and not as artificially grouped by its attorneys.

*Id.* at 337; *see also In re Doral Financial Corp. Sec Litig*, 414 F. Supp. 2d 398, 404 (S.D.N.Y. 2006) (Owen, J.) (rejecting aggregated groups of lead plaintiffs and appointing a single institution). Judge Scheindlin likewise rejected an artificial group, especially when the displaced larger movant is an institution. *In re eSpeed*, 232 F.R.D. at 100 (holding that "a group of unrelated investors should not be considered as lead plaintiff when that group would displace the institutional investor preferred by the PSLRA"). Judge Berman has likewise appointed a movant consisting of two related institutional entities, Deka Investment GmbH and Deka International S.A., Luxembourg, rather than two unrelated institutional investors with a combined larger loss.

*See In re General Motors Corp. Sec Litig*, No. 65-CV-8088 (RMB) February 6, 2006, order (attached hereto as Exhibit A).

Numerous other courts agree and have held that where a group of individuals with no prelitigation relationship have been aggregated for the purpose of demonstrating their financial interest, the court should determine the movant with the largest financial interest only by examining each movant on an individual, not aggregate, basis. S*ee Crawford*, 2002 WL 356760, at *2 (refusing to aggregate losses of a group comprising unrelated individuals and appointing movant with the largest individual financial interest); *In re E.Spire Communications, Inc., Sec. Litig.*, 231 F.R.D. 207, 214  (D. Md. 2000) (declining to consider aggregated losses of the group, the court appointed the individual investor who suffered the largest individual loss); *Sakhrani*, 78 F. Supp. 2d at 847 (holding that appointment of "artificial group of persons as lead plaintiffs should be rare under the PSLRA"); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 224 (D.D.C. 1999) (quoting SEC amicus brief: "Each proposed member of a[n unaffiliated] 'group' should be evaluated separately, and the marginal benefit of including another member in the group weighed against the further division of decision making authority and the attendant problems that enlargement of the group entails.").

The Chen Group's motion  presents the same problem the Court has cautioned against: "a group of unrelated investors [] cobbled together as a 'group' to displace a single competing institutional investor." *Barnet*, 236 F.R.D. at 163. Likewise, the Chen Group's artificial grouping, designed to displace a single institutional investor, should be rejected.

**B.     Dikla Mondial Has The Largest Individual Financial Interest**

Upon review of the motion papers, it is clear that only one entity, Dikla Mondial, is the movant with the requisite financial stake in this litigation and a financial interest greater than any of the other individual competing movants.  Dikla Mondial's losses, compared with the losses of

each of the individual members of the Chen and Brickman groups, are as follows:

| Movant | Shares Purchased | Shares Sold | Net Shares Purchased | Expenditure | Approximate Loss |
|---|---|---|---|---|---|
| Dikla Mondial Mutual Fund | 10,000 | 3500 | 6500 | $47,190.00 | $40,992.20 |
| Shichao Chen (Chen Group) | 7126 | 4026 | 3100 | $45,572.86 | $23,072.44 |
| Cynthia Hober | 1500 | 0 | 1500 | $22,275.00 | $11,387.70 |
| Robert Jonkheer | 2500 | 0 | 2500 | $26,475.00 | $8,329.50 |
| John Spitz (Brickman) | 1000 | 0 | 1,000 | $14,750.00 | $7,140.00 |
| Brickman Investments, Inc. | 1000 | 1,000 | 0 | $14,178.00 | $4,408.00 |

Dikla Mondial has suffered losses of $40,992.20, more any other individual movant in this case: Dikla Mondial's individual loss represents over 95% of the Chen Group's aggregated financial interest of three unrelated individuals, and is more than one-and-one-half times larger than the Chen Group's largest member. In addition, Dikla Mondial's individual loss is nearly three-and-one-half times greater than Brickman's aggregated financial interest, and more than five times greater than the loss of Brickman's largest member, John Spitz.

With the individual losses of all the competing groups members' outdistanced by Dikla Mondial, neither Brickman, the Chen Group, nor any of those groupings' individual members is entitled to the PSLRA's "most adequate plaintiff" presumption. As such, the Brickman and Chen Group motions must be denied and Dikla Mondial appointed as Lead Plaintiff.

### C. The Chen Group and Brickman Have Not Established A *Prima Facie* Case That They Can Adequately Represent The Class

The Chen Group and Brickman have failed to make a *prima facie* showing that they are proper groups under the PSLRA and can adequately represent the class. Even where courts have considered appointing a group as lead plaintiff, they have required a heightened showing by the

group of the value of the additional lead plaintiff parties and how the group will effectively and efficiently manage the litigation. *See In re Network Associates Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1026 (N.D. Cal. 1999) (in determining the adequacy of a group to be lead plaintiff the group must "explain and justify its composition and structure to the court's satisfaction"); *In re MicroStrategy Inc. Sec. Litig.,* 110 F. Supp. 2d 427, 434-35 (E.D. Va. 2000) (considering factors of the group including "descriptions of [the group's] members, including any pre-existing relationships among them; an explanation of how its members would function collectively; and a description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation").

The Chen Group has not provided any information that would allow this Court to conclude that it is an adequate lead plaintiff. Although the Chen Group's moving papers claim that "demonstrated by their Certifications, the Chen Group is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of the litigation, with the benefit of counsel's advice," see Chen Group Op. Mem. at 7, the group's members have submitted only perfunctory certification forms, which lack any information about the background or preexisting relationships between the group members and the law firm it purportedly chose to be co-lead counsel, information as to how it will cohesively act to effectively and efficiently serve as an aggregated lead plaintiff, or a justification for its multiple leadership structure. Therefore, the Chen Group should not be appointed lead plaintiff as it has failed to explain how or why that specific grouping is necessary to fairly and adequately protect the interest of the class. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d at 435 (rejecting group as a lead plaintiff for failing to demonstrate it was cohesive or able to function as a unified entity); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997) (Cederbaum, J.) (rejecting the appointment of an aggregated group of unrelated movants,

- 8 -

the court noted that counsel "have not offered any reason for appointing an aggregation of unrelated institutional and individual investors as lead plaintiffs"). Similarly, Brickman has provided no justification for appointing its grouping of unrelated institutional and individual investors as lead plaintiff.

### D.    The Chen Group Is A Prime Example Of Lawyer-Driven Litigation

The lead plaintiff provisions of the PSLRA arose out of Congressional concern, reflected in the House, Senate, and Conference Committee Reports, that some class action securities litigation had become "lawyer-driven," where law firms sought to bring cases and then sought out plaintiffs in whose names they could sue. In passing the PSLRA, Congress sought to "protect investors who join class actions against lawyer-driven lawsuits by giving control of the litigation to lead plaintiffs with substantial holdings of the securities of the issuer." (Conference Report on Securities Litigation Reform, H.R. Rep. No. 104-369, 32 (1995); accord S.Rep. 19180, 4 (Dec. 22, 1995) (Congress "intended . . . to empower investors so that they – not their lawyers – exercise primary control over private securities litigation), *id.* at 6, ("to transfer primary control of private securities litigation from lawyers to investors"), *id.* at 10, ("[t]he lead plaintiff should actively represent the class. The Committee believes that the lead plaintiff – not lawyers – should drive the litigation."); *see also Barnet,* 236 F.R.D. at 162.

The Chen Group exemplifies the attorney-driven grouping of disparate, unrelated entities that the PSLRA seeks to eliminate. Based on their moving papers, the three members of the Chen Group have no association with one another and have presented no evidence of any pre-litigation association or working relationship. Furthermore, there is no indication of just how they came to move together to serve as lead plaintiff.

The Chen Group is an aggregation of three individuals related only by the desire of their attorneys to be lead counsel. Courts have refused to aggregate such unrelated entities in an effort

to eliminate just such lawyer-driven litigation.  *See Barnet*, 236 F.R.D. at 161 ("by allowing

unrelated groups to aggregate losses in an effort to generate the 'largest financial interest,' the

possibility emerges that lawyers will form such groups to manipulate the selection process, and

in that way gain control of the litigation." (Citation omitted.)).

The appointment of Dikla Mondial as lead plaintiff will ensure that the purpose of the

PSLRA is fulfilled.

**III.      Dikla Mondial Is An Institutional Investor, The Type
            Of Investor Preferred By Congress To Serve As Lead Plaintiff**

In addition to having the largest financial interest in the outcome of this litigation, Dikla

Mondial fulfills the PSLRA's purpose of having Class members represented by an institutional

investor, which is exactly the type of lead plaintiff which Congress envisioned when it enacted

the PSLRA. This Court has expressed a preference for appointing an institution as lead plaintiff

if possible.  *Malasky v. IAC/Interactivecorp*, 04 Civ. 7447 (RJH), 2004 WL 2980085, at *4

(S.D.N.Y. Dec. 21, 2004);  *see also Sakhrani,* 78 F. Supp. 2d  at 850 ("PSLRA was enacted with

the explicit hope that institutional investors...would step forward to represent the class and

exercise effective management and supervision of class lawyers"); *In re Network Assocs., Inc.*

*Sec. Litig.*, 76 F. Supp. 2d at 1020 ("Congress expected that the lead plaintiff would normally be

an institutional investor with a large stake in the outcome."); *Martin v. Atchinson Casting Corp.*,

200 F.R.D. 453, 456 (D. Kan. 2001) ("Legislative history indicates that Congress believed that

large institutional investors would be in a better position to control the litigation.").

Of the three competing motions before the Court, only Dikla Mondial and Brickman

Investments include institutional investors.  Comparing their financial stakes, Brickman

Investments simply lacks the requisite financial interest to be appointed lead plaintiff.  Dikla

Mondial suffered a loss more than seven times greater than Brickman Investment, and therefore

has a significantly greater financial interest in the outcome of this litigation.  Thus, of the

- 10 -

competing institutional investors -- the type of lead plaintiff preferred under the PSLRA -- Dikla Mondial is the only movant entitled to the presumption that it is the "most adequate plaintiff."

## IV.       **Dikla Mondial's Selection Of Counsel Should Be Approved**

The PLSRA states that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4 (a)(3)(B)(v); *see also In re Cavanaugh*, 306 F.3d 726, 733 (9th Cir. 2002). Here, Dikla Mondial has selected the law firms Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo as co-lead counsel to represent it and the Class. Both of these law firms have extensive experience in the area of shareholder litigation, and both have successfully litigated numerous securities class actions and are well-qualified to serve as lead counsel. *See* Dikla Mondial's Op. Mem., MacDiarmid Decl. Ex. D (attaching firm resumés).

## CONCLUSION

For all the foregoing reasons, Dikla Mondial requests that the Court (i) appoint it as lead plaintiff; (ii) approve its selection Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo as co-lead counsel; and (iii) grant such other relief as the Court may deem just and proper.

DATED: July 17, 2007                    **MURRAY, FRANK & SAILER LLP**


By: _____/s/_____
      Brian P. Murray (BM9954)
      275 Madison Avenue, Suite 801
      New York, New York 10016
      Telephone:    (212) 682-1818
      Facsimile:    (212) 682-1892

      *Proposed Liaison Counsel*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:   (310) 201-9160

**THE LAW OFFICE OF JACOB SABO**
Jacob Sabo
The Tower No.3 Daniel Frisch St.
15th Floor
Tel Aviv, Israel 64731
Telephone:     011 972 3 607 88 88
Facsimile:      011 972 3 607 88 89

***Proposed Co-Lead Counsel***

# EXHIBIT A

**MEMO ENDORSED**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re GENERAL MOTORS CORP. SECURITIES LITIGATION | Master File No. 05-CV-8088 (RMB)<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS |

~~[PROPOSED]~~ ORDER APPOINTING LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL *

*and other briefs*

RMB

Upon consideration of the motions and supporting papers for appointment of Lead

Plaintiff and approval of Lead Plaintiff's selection of Lead Counsel in the above-captioned

action and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

    1.  The Motion of Deka Investment GmbH and Deka International S.A., Luxembourg

("Deka") is **GRANTED**;

    2.  Deka is hereby **APPOINTED** serve as Lead Plaintiff.

    3.  The law firm of Murray, Frank & Sailer LLP is hereby **APPOINTED** to serve as

Lead Counsel.

**SO ORDERED**

DATED: **2/6**_____, 2006
        **2:20 P.M.**

                               **RMB**
                         _____
                         United States District Judge

* No further briefing would be necessary, appropriate or helpful

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRICKMAN INVESTMENTS INC., on behalf of itself and all others similarly situate, <br><br> Plaintiff, <br><br> v. <br><br> ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR, <br><br>    Defendants. | No. 1:07-cv-03455-RJH <br><br> Hon. Richard J. Holwell <br><br><br> **PROOF OF SERVICE** |
| GERALD BILGER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR, <br><br>    Defendants. | No. 1:07-cv-03815-RJH |
| ELIYAHU MOKHTAR, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR, <br><br>    Defendants. | No. 1:07-cv-05456-RJH |

*[Captions Continue on Following Page]*

1

| | |
|---|---|
| SHANNON VINSON, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR,<br><br>          Defendants. | No. 1:07-cv-05457-RJH |

## PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 275 Madison Avenue, Suite 801, New York, New York 10016

On July 17, 2007 , I served the following:

1    **MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

on the parties shown below by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at New York, New York.

Executed on July 17, 2007, at New York, New York.

I certify under penalty of perjury that the foregoing is true and correct.

_____
          Brian Murray

2

**Service List**

*For Plaintiffs:*

David Avi Rosenfeld
Samuel Howard Rudman
Lerach, Coughlin, Stoia,
    Geller, Rudman & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY 11747

Jack Gerald Fruchter
Abraham Fruchter & Twersky LLP
One Penn Plaza, Suite 1910
New York, NY 10119

D. Seamus Kaskela
Richard A. Maniskas
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Rd.
Radnor, PA 19087

Evan J Smith
Brodsky & Smith, L.L.C.
240 Mineola Blvd.
Mineola, NY 11501

Corey D. Holzer
Michael I. Fistel, Jr.
Holzer Holzer & Cannon LLC
1117 Perimeter Center West, E-107
Atlanta, GA 30338

Nadeem Faruqi
Shane Thomas Rowley
Antonio Vozzolo
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017

Michael Swick
Kahn Gauthier Swick, LLC
12 East 41st st, 12th floor
New York, NY 10017


*For Defendants:*

General Counsel
Allot Communications Ltd.
 c/o Allot Communications, Inc.
7664 Golden Triangle Drive
Eden Prairie, MN 55344
Telephone: 877-255-6826
Facsimile:  952-944-9555

Yigal Jacoby
c/o Allot Communications, Inc.
7664 Golden Triangle Drive
Eden Prairie, MN 55344
Telephone: 877-255-6826
Facsimile:  952-944-9555

Rami Hadar
c/o Allot Communications, Inc.
7664 Golden Triangle Drive
Eden Prairie, MN 55344
Telephone: 877-255-6826
Facsimile:  952-944-9555

Adi Sapir
c/o Allot Communications, Inc.
7664 Golden Triangle Drive
Eden Prairie, MN 55344
Telephone: 877-255-6826
Facsimile:  952-944-9555