**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRICKMAN INVESTMENTS INC., on behalf of itself and all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR,<br><br>      Defendants. | No. 1:07-cv-03455-RJH<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DIKLA MONDIAL MUTUAL FUND FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL OF LEAD COUNSEL** |
| GERALD BILGER individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR,<br><br>      Defendants. | No. 1:07-cv-03815-RJH |
| ELIYAHU MOKHTAR, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR,<br><br>      Defendants. | No. 1:07-cv-05456-RJH |

*[Captions Continue on Following Page]*

| | |
|---|---|
| SHANNON VINSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR,<br><br>　　　　　　　Defendants. | No. 1:07-cv-05457-RJH |

In response to the opposition filed by the Chen Group,[1] Movant Dikla Mondial Mutual Fund (hereinafter, "Dikla Mondial") respectfully submits this reply memorandum of law in further support of its motion for appointment as Lead Plaintiff and for approval of its selection of Co-Lead Counsel, Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo.[2]

## INTRODUCTION

Dikla Mondial has the largest individual financial interest in this litigation. As it has demonstrated both its adequacy to serve as Lead Plaintiff and that its claims are typical of those of the class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Dikla Mondial is the presumed most adequate plaintiff. The Chen Group provides no evidence to rebut this presumption – just rank speculation that Dikla Mondial, a mutual fund, is somehow an "investment advisor" lacking standing to sue, and false accusations that proposed Co-Lead Counsel has misrepresented his credentials to the Court. Both attacks are meritless. Dikla Mondial is a sophisticated institutional investor which owns its Allot shares.[3] Proposed Co-Counsel Jacob Sabo ably serves as Co-Lead Counsel or as Israeli counsel in support of Co-Lead counsel in other complex securities class actions; his appointment as Co-Lead counsel will enhance the prosecution of this action against an Israel-based company. Dikla Mondial respectfully requests the Court grant its motion.

---

[1] The Brickman Group filed no opposition to the appointment of Dikla Mondial as Lead Plaintiff. With losses totaling only $11,548.00, the group has apparently decided not to pursue its application to be appointed Lead Plaintiff.

[2] As both Dikla Mondial and the Chen Group agree that the pending cases should be consolidated pursuant to Fed.R.Civ.P. 42(a) and 15 U.S.C. §77-1(a)(3)(B)(ii), no argument will be presented on this aspect of Dikla Mondial's motion.

[3] *See* Declaration of Asa Sasson in Further Support of Motion of Dikla Mondial Mutual Fund for Appointment as Lead Plaintiff and for Approval of Lead Counsel, submitted herewith ("Sasson Decl."), at ¶3; Declaration of Jacob Sabo in Further Support of Motion of Dikla

# ARGUMENT

## I.  DIKLA MONDIAL IS THE PRESUMED MOST ADEQUATE PLAINTIFF

Under the PSLRA, there is a rebuttable presumption that the "most adequate plaintiff" is the person or group of persons that:

(aa)  has either filed the complaint or made a motion in response to a notice . . . ;

(bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  As set forth in its moving papers, Dikla Mondial satisfies all of the elements of this inquiry; it is the presumed most adequate plaintiff.[4]  The Chen Group's arguments in opposition do not defeat this presumption.

### A.  Dikla Mondial Has The Largest Financial Interest In This Litigation

Recently, another Court in this District was faced with a nearly identical situation to that posed in the instant action.  In *Goldberger v. PXRE Group, Ltd.*, No. 06-CV-3410(KMK), 2007 WL 980417 (S.D.N.Y. March 30, 2007), the individual with the largest financial interest in the litigation was opposed in its application to be appointed Lead Plaintiff by a group whose aggregate losses were larger than the individual's losses.  *Id.* at *3.  Rather than accept the group's assertion that it had the largest financial interest, the Court explained that the initial

---

Mondial Mutual Fund for Appointment as Lead Plaintiff and for Approval of Lead Counsel, submitted herewith ("Sabo Decl."), filed herewith at ¶3.

[4] The Chen Group does not challenge the timeliness of Dikla Mondial's motion or that its claims are typical of the class's claims.  Dikla Mondial will not repeat its arguments on these prongs of the "most adequate plaintiff" inquiry.

2

inquiry under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb) is to determine whether the group is sufficiently cohesive that its constituent members' losses can be aggregated for the purpose of evaluating the movants' financial stake in the litigation. *Id.* at *3. In *Goldberger*, because Judge Karas determined that the only common interest shared by the group members was the lawsuit itself, *id.* at *5, the Court discarded the group designation and found the individual with the largest financial loss to be the presumed most adequate plaintiff. *Id.*

Here, there is no dispute that Dikla Mondial's loss, $40,992 -- a mere $1,800 less than those of the three Chen Group members *combined* -- represents the largest single financial interest in this litigation.[5] As explained in greater detail in Dikla Mondial's opposition to the Chen Group's moving papers,[6] if the members of the Chen Group have no prior relationship and their *ad hoc* management structure was artificially created by counsel, their losses cannot be aggregated for the purpose of determining the "person or group of persons" with the largest financial stake in the action.[7]

The Chen Group's papers in opposition to Dikla Mondial's motion fail to evidence any prior relationship among group members or any common interest (other than this litigation). *See*

---

[5] The losses of the three Chen Group members are $23,072, $11,387, and $8,329. *See* Motion of Chen Group, filed July 2, 2007, at Miller Decl., at ¶4 and Ex. A.

[6] *See* Dikla Mondial's Memo. of Law in Opposition, filed July 17, 2007, at 3-10.

[7] *See also In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 308-09 (S.D.N.Y. 2001) (citing both the PSLRA's legislative history and cases, court concluded that the purpose of the PSLRA, to wrest control of securities cases from lawyers, would be defeated by appointment of a group if it "has no independent existence and its composite members have no prior relationship"). Although the Chen Group tries to exhibit cohesiveness, *e.g.*, describing a plan to monitor the litigation and appointing Mr. Chen as its spokesperson (*see* Chen Group Opp. at 6-8 and Joint Declaration, at ¶¶9-12, both filed July 17, 2007), these measures are insufficient. *Miller v. Ventro* Corp., No. 01-Civ-1287, 2001 WL 34497752, at *8-9, 15 (N.D. Cal. Nov. 28, 2001) (appointing shareholder and bondholder with largest individual losses co-lead plaintiffs, court rejected a group that presented a purported management structure, because it was created by the very counsel the group must exercise control over).

Chen Group Joint Declaration, filed July 17, 2007. Indeed, the declaration itself belies the Chen Group's existence as a cohesive, democratic group: Because his is the largest loss of the three, Mr. Chen will speak for the group where there is a lack of unanimity, even if the other two members disagree with him. *Id.* at ¶10. This deference to Mr. Chen (a) mirrors the PSLRA's preference for control residing with the movant with the largest losses and (b) requires that the Chen Group's artifice be discarded and its members considered individually. Among the four movants still seeking to be appointed Lead Plaintiff, Dikla Mondial is the person with the largest financial interest in the relief sought by the class.

### B.  Dikla Mondial Has Standing to Bring Suit

Sophisticated institutional investors are preferred Lead Plaintiffs under the PSLRA.[8] As this Court is well aware, large institutional investors are often pension plans, mutual funds, and other pooled investment vehicles.[9] Dikla Mondial is such a plaintiff. *See, e.g.*, *In re Bally Total Fitness Sec. Litig.*, No. 04C3530, 2005 WL 627960, at *2 (N.D. Ill. March 15, 2005) (providing as an example of a cohesive lead plaintiff group one whose members are mutual funds under common management). As set forth in the accompanying declarations of Asa Sasson and Jacob Sabo, Dikla Mondial is a mutual fund which owns the shares of Allot allegedly damaged herein;

---

[8] *See, e.g., Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 403 (S.D.N.Y. 2004) (citing legislative history); *see also Strougo v. Brantly Capital Corp.*, No. 06-Civ.-13315 (SCR), 2007 WL 1683348, at *3 (S.D.N.Y. June 3, 2007) (institutional investors who already have fiduciary responsibilities are "particularly well suited" to representing interests of investors); *Vanamringe v. Royal Group Techs. Ltd.*, 237 F.R.D. 55, 57 (S.D.N.Y. 2006). For this reason, even when an individual investor has sustained the largest loss, an institutional investor is sometimes appointed as co-lead plaintiff. *See, e.g.*, *Malasky v. IAC/InterActive Corp.*, No. 04-Civ-7447 (RJH), 2004 WL 2980085, at *4 (S.D.N.Y. December 21, 2004).

[9] *See, e.g.*, *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05-CV-04617 (RJH), 2007 WL 197036, at *1 nn. 1, 2, 4, and 7 (S.D.N.Y. Jan. 25, 2006); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 161 (S.D.N.Y. 2005); *Malasky v. IAC/InterActive Corp.*, No. 04-Civ-7447 (RJH), 2005 WL 549548, at *2 (S.D.N.Y. March 2, 2005).

individual investors in the fund do not own the shares.  *See* Sasson Decl. at ¶¶2-3; Sabo Decl. at ¶3.  Dikla Mondial, not its underlying individual investors, has the right to bring suit to protect its rights as a shareholder of Allot.  Sasson Decl. at ¶4; Sabo Decl. at ¶3.  The Chen Group's opposition to Dikla Mondial is unfounded.

The Chen Group concedes that an entity which operates as a "single investor" can serve as Lead Plaintiff.  Chen Group Opp. at 9.  However, the Chen Group then jumps to the incorrect conclusion that all such entities are "investment advisors" who require attorney-in-fact authority to sue on behalf of the legal owners of the shares.  *Id.*  Not so.  Dikla Mondial is a single investor which invests in securities; it is not an investment advisor.  Sasson Decl. at ¶3.  Grasping at straws, the Chen Group next complains about the fact that Migdal Mutual Funds Management Ltd. ("Migdal") executed a certification on behalf of Dikla Mondial.  However, this fact presents neither smoke nor fire.  As Dikla Mondial has no employees of its own, Migdal, its paid fund manager, is its authorized agent to purchase and sell securities and to enforce rights flowing from such stock ownership.  Sasson Decl. at ¶4.[10]

The critical test is "whether plaintiff has 'such right as to afford defendant the protection of *res judicata* when the suit is terminated.'"  *Montoya v. Herley Industries, Inc.*, Civ. A. No. 06-2596, 2006 WL 3337485, at *2 (E.D. Pa. Nov. 14, 2006) (quoting *Ezra Charitable Trust v. Rent-*

---

[10] As the CEO of Migdal, Mr. Sasson is competent to describe the relationship between Dikla Mondial and Migdal and to assure the Court that Dikla Mondial -- which has no employees it can speak through -- seeks to pursue this action on its own account.  *Cf. Montoya v. Herley Industries, Inc.*, Civ. A. No. 06-2596, 2006 WL 3337485, at *2 (E.D. Pa. Nov. 14, 2006); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 152 (D. Del. 2005) (affidavit evidence sufficient to establish authority to sue).  In fact, had fund manager Migdal sued in its name, Mr. Sasson's declaration would establish attorney-in-fact authority to bring suit to enforce Dikla Mondial's rights.

*Way, Inc.*, 136 F. Supp. 2d 435, 443 (W.D. Pa. 2001)). Whereas Dikla Mondial owns the Allot shares at issue, this test is satisfied.

### C.     Rather Than Rendering Dikla Mondial an Inadequate Plaintiff, the Presence of Proposed Co-Counsel Sabo Will Enhance the Prosecution of the Action

The Chen Group claims that Dikla Mondial fails to meet Rule 23's adequacy requirement because one of its proposed co-lead counsel, Jacob Sabo, overstated his credentials in his firm resume. Chen Group Opp. at 11. In particular, the Chen Group claims that "Sabo's representation that he currently serves as Co-Lead, *among other positions*, in securities class action litigations in Federal Court, is not true." *Id.* at 12 (emphasis provided).[11] It is the Chen Group's statement which is untrue.

Jacob Sabo is currently serving as Co-Lead counsel in a federal securities class action pending in the United States District Court for the District of New Jersey, *In re Team Telecom Int'l. Ltd.*, No. 2:04-cv-04305-PGS. *See* Sabo Decl. at ¶5 and Ex. A. He also serves an important role as Lead Plaintiffs' Israeli counsel in *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 (CPS), 2007 WL 1191048, at *11 (E.D.N.Y. April 19, 2007) (preliminary approval of $20 million settlement required, *inter alia*, that "the Tel-Aviv based law office of Jacob Sabo, Lead Plaintiff's counsel, will maintain a phone number for inquiries and will be prepared to mail or otherwise provide Amended Notice and Proof of Claim forms on an as-requested basis to Israeli Class Members").[12]

In fact, it is beneficial to the class in a case alleging claims against an Israeli defendant

---

[11] By referencing only court orders appointing Lead Counsel, the Chen Group does not take into account Mr. Sabo's actual statement that he alternatively served in the capacity of "supporting Lead or co-Lead counsels" in the cited cases. Sabo Decl. at ¶5; Chen Group Opp. at Miller Supp. Decl., Ex. B.

[12] *See also* Sabo Decl. at Ex. B, ¶9 (class notice complying with Court's order).

that Co-Lead counsel include an Israeli attorney who is both fluent in Hebrew and the manner in which business is conducted in Israel, and is also a member of the bar in this country as well. Sabo Decl. at ¶6.  Proposed Co-Lead Counsel Sabo's services will be particularly useful conducting oral and documentary discovery and, as in *Gilat*, acting as a liaison with Israeli class members should the action settle.  *See In re Commtouch Software Ltd. Sec. Litig.*, No. C-01-00719 (WHA), 2001 WL 34131835, at *1 & n.1 (N.D. Cal. June 27, 2001)(appointing Israeli Lead Plaintiff, the Court reasoned: "Since Commtouch is an Israeli company, the class will be benefitted by having a representative in Israel, fluent in Hebrew …").

To the contrary, it is the Chen Group whose adequacy is in question.  In *In re Cendant Corp. Litig.*, 264 F.3d 201, 266-67 (3d Cir. 2001), the Third Circuit explained that a group of unrelated persons that was put together by counsel to serve as Lead Plaintiff might not be able to adequately represent the interests of the class because they "could not be counted on to monitor counsel in a sufficient manner."  *See also Razorfish*, *supra*, 143 F. Supp. 2d at 309 ("Given, moreover, that the Azimut Group has no independent existence and its composite members have no prior relationship, there is nothing to suggest that they will collectively ride herd on counsel anywhere as well as could a single sophisticated entity.").[13]

---

[13] Proposed Lead Counsel for the Chen Group has been rejected as Lead Counsel before on the ground that it had created a proposed Lead Plaintiff group of unrelated persons.  In *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13 (D.D.C. 2006), several unrelated parties who had initially sought Lead Plaintiff status on their own belatedly joined forces to establish a group with the largest financial loss.  *Id.* at 16.  The court found their alleged concerns about the apparent inadequacy of the movant with the largest financial loss, to "ring hollow" – as "[t]heir 'concerns' are … voiced in language that closely tracks that used in *In re Able Laboratories Sec. Litig.*, 425 F. Supp. 2d 562 (D.N.J. 2006)," where two institutional investors successfully moved together after the 60-day deadline. 237 F.R.D. at 19. Rejecting Kahn Gauthier Swick, LLC and its clients, the court stated:  "Although the XM Shareholder Group may now present the greatest financial interest, the inescapable conclusion is that this group was formed to secure lead plaintiff status for the group and its multiple law firms."  237 F.R.D. at 20.

## II. THE CHEN GROUP HAS NOT PROVIDED EVIDENCE TO REBUT THE PRESUMPTION IN FAVOR OF DIKLA MONDIAL

Once the Court finds Dikla Mondial to be the presumed most adequate plaintiff, the presumption that it should be appointed Lead Plaintiff can only be rebutted by actual "proof" that it will not fairly and adequately represent the interests of the class. *Cendant*, *supra*, 264 F.3d at 268; *Montoya*, *supra*, 2006 WL 3337485, at *2 ("'Speculative assertions . . . are therefore insufficient to rebut the lead plaintiff presumption in this case.'") (citing cases). Here, no proof has been presented that Dikla Mondial is an investment advisor without standing to sue; nor is there proof that Jacob Sabo has misrepresented his role in other securities class actions. The presumption in Dikla Mondial's favor has not been rebutted.

## CONCLUSION

For all the foregoing reasons, Dikla Mondial requests that the Court (i) consolidate the pending related cases; (ii) appoint it as lead plaintiff; (iii) approve its selection Glancy Binkow & Goldberg LLP and Law Office of Jacob Sabo as co-lead counsel; and (iv) grant such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: July 24, 2007              **MURRAY, FRANK & SAILER LLP**

By_____/s/_____
Brian P. Murray (BM 9954)
Gregory B. Linkh (GL 0477)
275 Madison Avenue, Suite 801
New York, New York 10016
Telephone:    (212) 682-1818
Facsimile:    (212) 682-1892

*Proposed Liaison Counsel*

8

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

and

Robin Bronzaft Howald
1501 Broadway, Suite 1900
New York, New York 10036
Telephone: (917) 510-0009
Facsimile: (646) 366-0895

**THE LAW OFFICE OF JACOB SABO**
Jacob Sabo
The Tower No.3 Daniel Frisch St.
15th Floor
Tel Aviv, Israel 64731
Telephone:    011 972 3 607 88 88
Facsimile:    011 972 3 607 88 89

*Proposed Co-Lead Counsel*

**DECLARATION OF SERVICE**

      I am an attorney admitted to practice in this district. I hereby certify, under penalty of perjury, that on this 24th day of July, 2007, I caused a true and correct copy of the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DIKLA MONDIAL MUTUAL FUND FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL OF LEAD COUNSEL; to be served on the persons listed below, 1) through this court's ECF system, and 2) by causing a true copy thereof to be delivered by regular United States mail, postage prepaid:

*For Plaintiffs:*

David Avi Rosenfeld
Samuel Howard Rudman
Lerach, Coughlin, Stoia,
   Geller, Rudman & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY 11747

Jack Gerald Fruchter
Abraham Fruchter & Twersky LLP
One Penn Plaza, Suite 1910
New York, NY 10119

D. Seamus Kaskela
Richard A. Maniskas
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Rd.
Radnor, PA 19087

Evan J Smith
Brodsky & Smith, L.L.C.
240 Mineola Blvd.
Mineola, NY 11501

Corey D. Holzer
Michael I. Fistel, Jr.
Holzer Holzer & Cannon LLC
1117 Perimeter Center West, E-107
Atlanta, GA 30338

Nadeem Faruqi
Shane Thomas Rowley
Antonio Vozzolo
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017

Michael Swick
Kahn Gauthier Swick, LLC
12 East 41st st, 12th floor
New York, NY 10017

*For Defendants:*

General Counsel
Allot Communications Ltd.
 c/o Allot Communications, Inc.
7664 Golden Triangle Drive
Eden Prairie, MN 55344
Telephone: 877-255-6826
Facsimile:  952-944-9555

Yigal Jacoby
c/o Allot Communications, Inc.
7664 Golden Triangle Drive
Eden Prairie, MN 55344
Telephone: 877-255-6826
Facsimile:  952-944-9555

Rami Hadar
c/o Allot Communications, Inc.
7664 Golden Triangle Drive
Eden Prairie, MN 55344
Telephone: 877-255-6826
Facsimile:  952-944-9555

Adi Sapir
c/o Allot Communications, Inc.
7664 Golden Triangle Drive
Eden Prairie, MN 55344
Telephone: 877-255-6826
Facsimile:  952-944-9555


      /s/Gregory B. Linkh_____
        Gregory B. Linkh (GL-0477)