USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/29/11

Kim Miller
KAHN SWICK & FOTI, LLC
500 Fifth Avenue, Ste. 1810
New York, NY 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
Email: kim.miller@ksfcounsel.com

Lewis Kahn
206 Covington Street
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
E-mail: lewis.kahn@ksfcounsel.com

Robin Howald
GLANCY BINKOW & GOLDBERG LLP
1430 Broadway, Suite 1603
New York, NY 10018
Telephone: (212) 382-2221
Facsimile: (212) 382-3944

*Co-Lead Counsel for Lead Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ALLOT COMMUNICATIONS LTD. SECURITIES LITIGATION | **CIVIL ACTION NO. 07-CV-03455 (RJH)**<br>**[redacted] Final Order**<br>Judge: Hon. Richard J. Holwell |

This matter came before the Court for hearing pursuant to an Order of this Court, dated December 9, 2010 on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated as of August 5, 2010 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3. The Court finds, for the purposes of settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seeks to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action for settlement purposes only on behalf of a class consisting of all persons or entities that purchased or otherwise acquired the common stock

of Allot between November 15, 2006, and April 2, 2007, inclusive. Excluded from the Class are the Defendants; any officers or directors of Allot during or after the Class Period; any corporation, trust or other entity in which any Defendant has a controlling interest; and the members of the immediate families of Yigal Jacoby, Rami Hadar, and Adi Sapir and their successors, heirs, assigns, and legal representatives. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Lead Plaintiffs are certified as class representative and Lead Plaintiffs' selection of Kahn Swick & Foti, LLC and Glancy Binkow & Goldberg LLP as Class Counsel is approved.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiffs, the Class, and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Class, as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the

Stipulation.

8. Upon the Effective Date, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member has executed and delivered a Proof of Claim and Release form.

9. Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

10. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiffs and Co-Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

11. The Court hereby finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice of Pendency constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled

to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

12. Neither the plan of allocation submitted by Co-Lead Counsel nor the portion of this order regarding the attorneys' fee and expense application shall in any way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Nor may the Settlement be deemed an admission that any of Plaintiffs' claims lacks merit or that Plaintiffs would ultimately recover less than the Settlement Fund amount. Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the

Stipulation and this Judgment.

15. After completion of the processing of all claims by the claims administrator, Lead Plaintiffs shall disburse the Net Settlement Fund in accordance with the Stipulation and Plan of Allocation without further order of this Court

16. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Persons and entities who are Class Members advising them that Co-Lead Counsel would seek an award of attorneys' fees in an amount not greater than 33 $^{1}/_{3}$% of the Settlement Fund, and their right to object. A full and fair opportunity was given to all Persons and entities who are Class Members to be heard with respect to the application for the award of attorneys' fees and expenses. The Court finds and concludes that the requested fee award is reasonable and awards attorneys' fees of 33 $^{1}/_{3}$% percent of the settlement fund, with interest, and expenses totaling $29,682.28, plus interest.

18. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Persons and entities who are Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Persons and entities who are Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for

the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Pendency and Proposed Settlement of Class Action sent to Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Settlement Fund established by the Stipulation among Class Members, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

19. This action is hereby dismissed in its entirety with prejudice.

20. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: April 29, 2011

THE HONORABLE RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE